# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

LEON M. THOLSON,

    Plaintiff,

v.

STAFF SERGEANT D. LUPER,

    Defendant.

Case No. 3:24-cv-00108-SLG

## ORDER OF DISMISSAL & NOTICE OF "THREE STRIKES" STATUS

On May 13, 2024, self-represented prisoner Leon M. Tholson ("Plaintiff") filed a civil complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff alleges that on or about February 11, 2024, Defendant retaliated against him in violation of his right to freedom of speech.[2] According to the Complaint and attached records from the Department of Corrections ("DOC"), after Plaintiff refused a direct order to clean his prison cell, he was "written up for a C-19 infraction for not following a direct order to clean off [his] cell door and taken out to booking as a punishment."[3] Plaintiff claims Defendant created a false report in retaliation against him. He also claims Defendant put him at risk of violence from other inmates by informing other prisoners that they would not be able to watch

---

[1] Dockets 1-3.

[2] Docket 1 at 3.

[3] Docket 1-3 at 6.

the NFL Super Bowl because of Plaintiff's actions. Plaintiff filed a grievance requesting Defendant be terminated from employment at DOC.[4] At his Disciplinary Board hearing on February 23, 2024, Plaintff's write up was reduced to an informal report and no further discipline was implemented.[5] Plaintiff appealed this decision and exhausted the prison's grievance procedure. A DOC grievance investigator found Plaintiff's grievance to be partially substantiated because Plaintiff was not provided with cleaning supplies. However, the investigator noted Plaintiff did not request any cleaning supplies and failed to follow a direct order. The investigator determined that the temporary removal from his housing unit during the Superbowl was a sufficient punishment and no further action needed to be taken.[6] For relief, Plaintiff seeks monetary damages and a declaration stating what rights Defendant violated.[7]

The Court has now screened the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. The Court finds Plaintiff has failed to adequately state a claim for which relief may be granted. The Court also finds the Complaint to be frivolous and that amendment would be futile. Therefore, the Court will not grant

---

[4] Docket 1-3 at 3, 4, 13; Docket 1-5 at 3.

[5] Docket 1-3 at 6.

[6] Docket 1-3 at 5-6.

[7] Docket 1 at 9.

Case No. 3:24-cv-00108-SLG, *Tholson v. Luper*
Order of Dismissal & Notice of Three Strikes
Page 2 of 13
Case 3:24-cv-00108-SLG   Document 9   Filed 11/04/24   Page 2 of 13

Plaintiff leave to file an amended complaint and dismisses this case with prejudice. This dismissal counts as a strike under the 28 U.S.C. § 1915(g).

The Court takes judicial notice that Plaintiff, while incarcerated, has accumulated at least three strikes and may not file any future cases in any federal court without either prepaying the filing fee in full or making a plausible claim that he is in imminent danger of serious physical injury.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[8] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[9]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[10] However, a court is not

---

[8] 28 U.S.C. §§ 1915, 1915A.

[9] 28 U.S.C. § 1915(e)(2)(B).

[10] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding a court must construe pleadings filed by self-represented litigants liberally and afford the complainant

Case No. 3:24-cv-00108-SLG, *Tholson v. Luper*
Order of Dismissal & Notice of Three Strikes
Page 3 of 13
Case 3:24-cv-00108-SLG   Document 9   Filed 11/04/24   Page 3 of 13

required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[11] Further, a court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim.[12]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[13] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[14] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[15] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[16]

---

the benefit of any doubt).

[11] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[12] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[13] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[14] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[15] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[16] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

Case No. 3:24-cv-00108-SLG, *Tholson v. Luper*
Order of Dismissal & Notice of Three Strikes
Page 4 of 13
Case 3:24-cv-00108-SLG   Document 9   Filed 11/04/24   Page 4 of 13

## DISCUSSION

### I. Requirements to State a Claim

To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that if accepted as true, "state[s] a claim to relief that is plausible on its face."[17] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[19] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[20] A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.[21]

---

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[18] *Ashcroft*, 556 U.S. at 678.

[19] Fed. R. Civ. P. 8(a)(2).

[20] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[21] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Case No. 3:24-cv-00108-SLG, *Tholson v. Luper*
Order of Dismissal & Notice of Three Strikes
Page 5 of 13
Case 3:24-cv-00108-SLG    Document 9    Filed 11/04/24    Page 5 of 13

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[22] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[23] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[24] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[25]

## III. Plaintiff's Claims

Plaintiff claims Defendant retaliated against him, presumably by disciplining him and allegedly telling other inmates that no one could watch the Superbowl because Plaintiff refused to clean his cell. The nature of a retaliation claim requires that it be "regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions."[26] Every act of discipline by

---

[22] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[23] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[24] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[25] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[26] *Canell v. Multnomah Cnty.,* 141 F. Supp. 2d 1046, 1059 (D. Or. 2001) (quoting *Adams*

Case No. 3:24-cv-00108-SLG, *Tholson v. Luper*
Order of Dismissal & Notice of Three Strikes
Page 6 of 13

Case 3:24-cv-00108-SLG    Document 9    Filed 11/04/24    Page 6 of 13

prison officials is by definition "retaliatory" in the sense that it responds directly to prisoner misconduct.[27] Claims of retaliatory actions are legally frivolous unless the complaint implicates some right that exists under the federal Constitution.[28] As explained below, the Court finds Plaintiff's retaliation claim to be frivolous. Further, to the extent Plaintiff contests DOC's disciplinary decision and claims that Defendant put him at risk of violence from other inmates, he has also failed to state a claim.

### A. Retaliation

To state a plausible retaliation claim, the Ninth Circuit requires a plaintiff to allege both "that the type of activity he engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity."[29] A plaintiff must also demonstrate that the prison authorities' alleged retaliatory action did not advance legitimate goals of the correctional institution, and that the plaintiff was injured by the retaliation.[30] Prison officials have broad administrative and discretionary authority over the institutions they manage,

---

v. Rice, 40 F. 3d 72, 74 (4th Cir.1994)).

[27] Id.

[28] Neitzke v. Williams, 490 U.S. 319, 327 (1989).

[29] Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.1985).

[30] Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000). See also Pratt v. Rowland, 65 F.3d 802 (9th Cir.1995) (holding that a plaintiff must show that there were "no legitimate correctional purposes motivating the actions he complains of").

Case No. 3:24-cv-00108-SLG, Tholson v. Luper
Order of Dismissal & Notice of Three Strikes
Page 7 of 13
Case 3:24-cv-00108-SLG   Document 9   Filed 11/04/24   Page 7 of 13

and lawfully incarcerated persons retain only a narrow range of protected liberty interests.[31] A prisoner retains only those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.[32] "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."[33]

Requiring an inmate to clean his surroundings is permissible as a matter of law and does not implicate any due process right, and Plaintiff's refusal to follow a direct order to do so cannot rationally be construed as protected speech. Plaintiff has not shown he was retaliated against for any protected conduct. The minor discipline imposed on Defendant is not significant enough to give rise to a constitutional violation. Further, Plaintiff was afforded a disciplinary hearing, was able to fully exhaust the prison's grievance procedure, and filed this lawsuit. Therefore, he makes no showing of a chilling or deterring effect of Defendant's actions on his ability to access the courts. Therefore, the Court finds Plaintiff's retaliation claim to be frivolous.[34]

---

[31] *Hewitt v. Helms*, 459 U.S. 460 (1983), receded from on other grounds by *Sandin v. Conner,* 515 U.S. 472 (1995). *See also Bell v. Wolfish,* 441 U.S. 520, 547 (1979) ("Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").

[32] *Pell v. Procunier,* 417 U.S. 817, 822 (1974).

[33] *Watison v. Carter,* 668 F.3d 1108, 1114 (9th Cir. 2012).

[34] *Hudson v. McMillian,* 503 U.S. 1, 8-9 (1992) (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)).

Case No. 3:24-cv-00108-SLG, *Tholson v. Luper*
Order of Dismissal & Notice of Three Strikes
Page 8 of 13
Case 3:24-cv-00108-SLG   Document 9   Filed 11/04/24   Page 8 of 13

### B. Disciplinary Decisions

A prison disciplinary proceeding is not a criminal prosecution, and therefore "the full panoply of rights due to a [criminal] defendant" do not apply to a prisoner facing a disciplinary action.[35] Instead, a disciplinary proceeding must accommodate both "institutional needs and objectives and the provisions of the Constitution that are of general application."[36] Moreover, a prisoner has no constitutionally guaranteed protection from being wrongly accused of conduct; rather, due process protection only arises when prison officials impose "atypical and significant hardship on the inmate in relation to his ordinary incidents of prison life."[37] Stated differently, the Due Process Clause is not implicated by every change in the conditions of confinement, not even ones having a "substantial adverse impact" on the prisoners.[38] Here, Plaintiff's bald assertion that "Due Process was grossly violated when staff would do false write up" and as a result Plaintiff missed the Superbowl fails to state a claim upon which relief may be granted in a Section 1983 action.

Furthermore, Alaska Department of Corrections Policy and Procedure 809.04(III)(H) governs the process after a prisoner appeals a disciplinary decision,

---

[35] *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

[36] *Id.* at 556.

[37] *Id.* at 483−84.

[38] *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

Case No. 3:24-cv-00108-SLG, *Tholson v. Luper*
Order of Dismissal & Notice of Three Strikes
Page 9 of 13
Case 3:24-cv-00108-SLG    Document 9    Filed 11/04/24    Page 9 of 13

which provides: "The Superintendent's decision, other than for major infractions, is final and the prisoner has 30 days in which to appeal the decision to the Superior Court." Accordingly, in the absence of any plausible federal constitutional violation, the only available judicial forum for Plaintiff to seek redress, if any, is not the federal court but the Alaska Superior Court.

### C. Failure to Protect

In the event Plaintiff intended to characterize Defendant's alleged statements to the other prisoners as the retaliatory act, the Complaint again fails to state a claim. Prison officials do have a duty to take reasonable steps to protect inmates from physical abuse.[39] However, in the documents included with the Complaint, Defendant appears to have informed all the prisoners that they would be unable to watch the Superbowl if anyone failed to clean his cell. Plaintiff has not plead sufficient facts to suggest Defendant intentionally singled him out so as to put him at substantial risk of suffering serious harm from other inmates.[40]

### IV. Plaintiff has "three strikes"

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" if his case is dismissed "as frivolous or malicious or fails to state

---

[39] *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Hearns v. Terhune,* 413 F.3d 1036, 1040 (9th Cir. 2005).

[40] *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016). *Cf. Valandingham v. Bojorquez,* 866 F.2d 1135, 1138 (9th Cir.1989) (holding that, allegations that correctional officers called plaintiff a "snitch" in front of other prisoners that resulted in other prisoners threatening plaintiff with serious harm "may support a cause of action under section 1983").

Case No. 3:24-cv-00108-SLG, *Tholson v. Luper*
Order of Dismissal & Notice of Three Strikes
Page 10 of 13
Case 3:24-cv-00108-SLG   Document 9   Filed 11/04/24   Page 10 of 13

a claim upon which relief may be granted[.]"[41] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[42] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that he "is under imminent danger of serious physical injury" at the time of filing his complaint.[43] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[44] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[45] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[46]

The Court takes judicial notice that Plaintiff frequently files lawsuits in this Court claiming that his rights have been violated when he is incarcerated.[47] The

---

[41] 28 U.S.C.A. § 1915(g).

[42] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[43] 28 U.S.C. § 1915(g).

[44] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up).

[45] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[46] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus requirement between the alleged imminent danger and the violations of law alleged in the complaint for imminent danger exception to the PLRA three-strikes provision).

[47] See *Tholson v. Dillon, et al.,* Case No. 3:16-cv-00243-RRB (retaliation), 12/5/17 Dismissal (failure to prosecute), Dockets 26, 27; *Tholson v. Alaska DOC, et al.,* Case

Case No. 3:24-cv-00108-SLG, *Tholson v. Luper*
Order of Dismissal & Notice of Three Strikes
Page 11 of 13
Case 3:24-cv-00108-SLG   Document 9   Filed 11/04/24   Page 11 of 13

Court has issued at least two strikes in previous cases,[48] and should have issued a strike in at least one other case.[49] In any event, this dismissal is at least Plaintiff's third strike, and he is therefore prohibited from filing any future claims in federal court without paying the full filing fee, unless he can demonstrate he is facing "imminent danger of serious physical injury" at the time he files his complaint "that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court.[50]  Further, Plaintiff must not file any future claims for which he lacks a sufficient legal or factual basis.

---

No. 3:16-cv-00086-SLG (failure to protect, verbal harassment, sexual harassment, medical care, tort against DOC, medical malpractice, retaliation, religious freedom, unreasonable search, sexual assault), 9/19/16 Voluntary Dismissal, Dockets 9, 10; *Tholson v. Sullivan, et al.,* Case No. 3:16-cv-00010- SLG (retaliation for exercise of First Amendment rights), 7/29/16 Voluntary Dismissal, Dockets 6, 7, 8; *Tholson v. Taylor,* Case No. 3:15-cv-00049-SLG (protection from harm), 8/18/15 Dismissal (failure to prosecute), Docket 12; *Tholson v. Taylor, et al.,* Case No. 3:15-cv-00033-SLG (8th Amendment medical care), 8/17/15 Dismissal (failure to prosecute), Docket 21; *Tholson v. Long, et al.,* 3:14-cv-00257-SLG (failure to investigate state crime), 3/5/15 Dismissal under 28 U.S.C. § 1915(e)(B)(ii), for failure to state a claim, Dockets 5, 6; *Tholson v. Williams, et al.,* Case No. 3:14-cv-00216-SLG (religious freedom), 6/8/17 Stipulated Dismissal, approved, 6/9/17, Dockets 85, 86; *Tholson v. Hubbard, et al.* Case No. 3:13-cv-00043-SLG, 6/8/17 Stipulated Dismissal, approved 6/9/17, Dockets 444, 445.

[48] See, *Tholson v. Long, et al.,* Case No. 3:14-cv-00257-SLG, Docket 5 at 5; *Tholson v. Hises, et al.,* Case No. 3:21-cv-00164-SLG, Docket 14 at 5.

[49] *Tholson v. Dillon,* Case No. 3:16-cv-00243-RRB, Dockets 25, 26 (dismissing for failure to prosecute after being granted leave to amend). *See also Harris v. Mangum,* 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that a dismissal counts as a strike when the district court dismisses a complaint for a failure to state a claim, grants leave to amend, and the plaintiff fails to amend the complaint); *Knapp v. Hogan,* 738 F.3d 1106, 1109 (9th Cir. 2013) ("It is well-settled that, in determining a 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it.").

[50] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022).

Case No. 3:24-cv-00108-SLG, *Tholson v. Luper*
Order of Dismissal & Notice of Three Strikes
Page 12 of 13
Case 3:24-cv-00108-SLG     Document 9     Filed 11/04/24     Page 12 of 13

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court finds amendment would be futile.

2. This case is **DISMISSED with prejudice as frivolous.**

3. All pending motions are **DENIED as moot.**

4. This dismissal counts as a **STRIKE** under 28 U.S.C. § 1915(g).

5. Plaintiff has accumulated **THREE STRIKES** and shall not file any cases in any federal court so long as he is incarcerated without prepaying the filing fee unless he can demonstrate an immediate danger of serious physical injury at the time of filing that is fairly traceable to the unlawful conduct asserted in the complaint and redressable by a favorable judicial outcome.

6. The Clerk shall issue a final judgment.

DATED this 4th day of November 2024, at Anchorage, Alaska.

> */s/ Sharon L. Gleason*
> SHARON L. GLEASON
> UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00108-SLG, *Tholson v. Luper*
Order of Dismissal & Notice of Three Strikes
Page 13 of 13
Case 3:24-cv-00108-SLG   Document 9   Filed 11/04/24   Page 13 of 13